IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL KEITH BRYANT,

    Plaintiff,                    No. CIV S-06-0688 GEB EFB P

    vs.

SACRAMENTO COUNTY JAIL, et al.,

    Defendants.               Order

_____/

        Plaintiff is a state prisoner without counsel prosecuting a civil rights action. See 42 U.S.C. § 1983. On April 19, 2006, the court dismissed plaintiff's complaint with leave to amend. On June 22, 2006, plaintiff filed a first-amended complaint.

        The court has reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915A and, for the reasons set forth below, finds that it states cognizable claims against defendants David McIntire, J. Iliaga, Sgt. Guerrero, S. Douglas, C. Mason and John McGinnis[1] for the Sacramento County Sheriff's Department.

        The complaint does not state a cognizable claim against defendants D. Vicory, L. Berhalter, D. Gutierrez, M. Putman, L. Phillips, J. Thompson, N. Robertson, N. Smolich, T. Bergman, R. Martin, Dizo, S. Barry, W. Wright, Mundy or Millican because plaintiff does not

---

[1] John McGinnis is substituted for Lou Blanas. See Fed. R. Civ. P. 25(d)(1).

allege specific wrongdoing by these defendants.

Plaintiff may proceed forthwith to serve defendants David McIntire, J. Iliaga, Sgt. Guerrero, S. Douglas, C. Mason and John McGinnis and pursue his claims against only those defendants or he may delay serving any defendant and attempt again to state a cognizable claim against defendants D. Vicory, L. Berhalter, D. Gutierrez, M. Putman, L. Phillips, J. Thompson, N. Robertson, N. Smolich, T. Bergman, R. Martin, Dizo, S. Barry, W. Wright, Mundy and Millican.

If plaintiff elects to attempt to amend his complaint to state a cognizable claim against defendants D. Vicory, L. Berhalter, D. Gutierrez, M. Putman, L. Phillips, J. Thompson, N. Robertson, N. Smolich, T. Bergman, R. Martin, Dizo, S. Barry, W. Wright, Mundy and Millican, he has 30 days so to do. He is not obligated to amend his complaint.

If plaintiff elects to proceed forthwith against defendants David McIntire, J. Iliaga, Sgt. Guerrero, S. Douglas, C. Mason and John McGinnis, against whom he has stated a cognizable claim for relief, then within 20 days he must return materials for service of process enclosed herewith. In this event the court will construe plaintiff's election as consent to dismissal of all claims against defendants D. Vicory, L. Berhalter, D. Gutierrez, M. Putman, L. Phillips, J. Thompson, N. Robertson, N. Smolich, T. Bergman, R. Martin, Dizo, S. Barry, W. Wright, Mundy and Millican without prejudice.

Any amended complaint must show the federal court has jurisdiction, the action is brought in the right place and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). If plaintiff contends he was the victim of a conspiracy, he must identify the participants and allege their

agreement to deprive him of a specific federal constitutional right.

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P. 10(b). Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading).

Plaintiff's claims must be set forth in short and plain terms, simply, concisely and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff must eliminate from his pleading all preambles, introductions, argument, speeches, explanations, stories, griping, vouching, evidence, attempts to negate possible defenses, summaries, and the like. McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996) (affirming dismissal of § 1983 complaint for violation of Rule 8 after warning); see Crawford-El v. Britton, 523 U.S. 574, 597 (1998) (reiterating that "firm application of the Federal Rules of Civil Procedure is fully warranted" in prisoner cases).

The court (and defendant) should be able to read and understand plaintiff's pleading within minutes. McHenry, supra. A long, rambling pleading including many defendants with unexplained, tenuous or implausible connection to the alleged constitutional injury, or joining a series of unrelated claims against many defendants, very likely will result in delaying the review required by 28 U.S.C. § 1915 and an order dismissing plaintiff's action pursuant to Fed. R. Civ. P. 41 for violation of these instructions.

////

1	If plaintiff's pleading is deficient on account of an omission or technical defect, the court will not dismiss it without first identifying the problem and giving plaintiff an opportunity to cure it. Noll v. Carlson, 809 F.2d 1446 (9th Cir. 1986). Plaintiff's pleading will be construed "liberally" to determine if plaintiff has a claim but it will be dismissed if plaintiff violates the federal rules, once explained, or the court's plain orders.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing a third amended complaint plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations and that for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

A prisoner may bring no § 1983 action until he has exhausted such administrative remedies as are available to him. 42 U.S.C. § 1997e(a). The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). A California prisoner or parolee may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." 15 California Administrative Code § 3084.1, et seq. An appeal must be presented on a CDC form 602 that asks simply that the prisoner "describe the problem" and "action requested." Therefore, this court ordinarily will review only claims against prison officials within the scope of the problem reported in a CDC form 602 or an interview or claims that were or should have been uncovered in the review promised by the department. Plaintiff is further admonished that by signing an amended complaint he certifies his claims are warranted by existing law, including the law that he exhaust administrative remedies, and that for violation of this rule plaintiff risks dismissal of his entire action, including his claims against defendants David McIntire, J. Iliaga, Sgt. Guerrero, S. Douglas, C. Mason and John McGinnis.

Accordingly, the court hereby orders that:

1. Plaintiff's request to proceed in forma pauperis is granted.

2. Claims against defendants D. Vicory, L. Berhalter, D. Gutierrez, M. Putman, L. Phillips, J. Thompson, N. Robertson, N. Smolich, T. Bergman, R. Martin, Dizo, S. Barry, W. Wright, Mundy and Millican are dismissed with leave to amend. Within 30 days of service of this order, plaintiff may amend his complaint to attempt to state cognizable claims against these defendants. Plaintiff is not obliged to amend his complaint.

4. The allegations in the pleading are sufficient at least to state cognizable claims against defendants David McIntire, J. Iliaga, Sgt. Guerrero, S. Douglas, C. Mason and John McGinnis for the Sacramento County Sheriff's Department. See 28 U.S.C. § 1915A. With this order the Clerk of the Court shall provide to plaintiff a blank summons, a copy of the pleading filed June 22, 2006, six USM-285 forms and instructions for service of process on defendants David McIntire, J. Iliaga, Sgt. Guerrero, S. Douglas, C. Mason and John McGinnis for the Sacramento County Sheriff's Department. Within 20 days of service of this order plaintiff may return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 forms, and seven copies of the endorsed June 22, 2006, first amended complaint. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendants David McIntire, J. Iliaga, Sgt. Guerrero, S. Douglas, C. Mason and John McGinnis will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1). In this event, the court will construe plaintiff's election to proceed forthwith as consent to an order dismissing his defective claims against defendants D. Vicory, L. Berhalter, D. Gutierrez, M. Putman, L. Phillips, J. Thompson, N. Robertson, N. Smolich, T. Bergman, R. Martin, Dizo, S. Barry, W. Wright, Mundy, and Millican without prejudice.

Dated: August 29, 2006.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

\brya0688.svc some defs dsms others

5