1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9              FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DARRYL KEITH BRYANT,

11          Plaintiff,                    No. CIV S-06-0688 GEB EFB P

12      vs.

13   SACRAMENTO COUNTY JAIL, et al.,      ORDER DIRECTING THE FILING OF
                                          PRETRIAL STATEMENTS
14          Defendants.
                                    /
15

16       Plaintiff, a prisoner proceeding pro se, has filed this civil rights action under 42 U.S.C.

17   § 1983.  On March 21, 2008, the district judge adopted this court's February 12, 2008, findings

18   and recommendations and denied defendants' November 30, 2006, motion to dismiss, construed

19   as a motion for summary judgment.  On April 28, 2008, this court issued a Discovery and

20   Scheduling Order giving the parties until no later than October 10, 2008 to file dispositive

21   motions.  Neither party has filed a dispositive motion.  Accordingly, the court sets the matter for

22   pretrial conference.[1]

23       Below, the court sets out the procedures by which a prisoner may obtain the presence of

24   witnesses to testify at trial.  Failure to comply with these procedures may result in the preclusion

25

26       [1] The trial date will be reset in the forthcoming pretrial order.

                                    1

1  of any and all witnesses named in plaintiff's pretrial statement.

2       At the trial of this case, plaintiff must be prepared to introduce evidence to prove

3  each of the alleged facts that support the claims raised in the lawsuit.  In general, there are two

4  kinds of trial evidence: (1) exhibits and (2) the testimony of witnesses. It is plaintiff's

5  responsibility to produce all of the evidence to prove his case, whether that evidence is in the

6  form of exhibits or witness testimony. If plaintiff wants to call witnesses to testify, he must

7  follow certain procedures to ensure that the witnesses will be at the trial and available to testify.

8       I.     Procedures for Obtaining Attendance of Incarcerated Witnesses Who Agree to

9            Testify Voluntarily

10       An incarcerated witness who agrees voluntarily to attend trial to give testimony

11  cannot come to court unless this court orders the warden or other custodian to permit the witness

12  to be transported to court. This court will not issue such an order unless it is satisfied that:

13       1. The prospective witness is willing to attend;

14    and

15       2. The prospective witness has actual knowledge of relevant facts.

16       With the pretrial statement, a party intending to introduce the testimony of

17  incarcerated witnesses who have agreed voluntarily to attend the trial must serve and file a

18  written motion for a court order requiring that such witnesses be brought to court at the time of

19  trial.  The motion must:

20       1. State the name, CDC Identification number, and address of each such

21       witness;

22       and

23       2. Be accompanied by affidavits showing that each witness is willing to

24       testify and that each witness has actual knowledge of relevant facts.

25  ////

26  ////

1    The willingness of the prospective witness can be shown in one of two ways:

2           1. The party himself can swear by affidavit that the prospective witness

3           has informed the party that he or she is willing to testify voluntarily

4           without being subpoenaed. The party must state in the affidavit when and

5           where the prospective witness informed the party of this willingness; or

6           2. The party can serve and file an affidavit sworn to by the prospective

7           witness, in which the witness states that he or she is willing to testify

8           without being subpoenaed.

9    The prospective witness' actual knowledge of relevant facts can be shown in one

10  of two ways:

11          1. The party himself can swear by affidavit that the prospective witness

12          has actual knowledge. However, this can be done only if the party has

13          actual firsthand knowledge that the prospective witness was an eyewitness

14          or an ear-witness to the relevant facts. For example, if an incident

15          occurred in the plaintiff's cell and, at the time, the plaintiff saw that a

16          cellmate was present and observed the incident, the plaintiff may swear to

17          the cellmate's ability to testify.

18          Or

19          2. The party can serve and file an affidavit sworn to by the prospective

20          witness in which the witness describes the relevant facts to which the

21          prospective witness was an eye- or ear-witness. Whether the affidavit is

22          made by the plaintiff or by the prospective witness, it must be specific

23          about what the incident was, when and where it occurred, who was

24          present, and how the prospective witness happened to be in a position to

25          see or to hear what occurred at the time it occurred.

26  ////

1    The court will review and rule on the motion for attendance of incarcerated

2  witnesses, specifying which prospective witnesses must be brought to court. Subsequently, the

3  court will issue the order necessary to cause the witness' custodian to bring the witness to court.

4    II.    Procedures for Obtaining Attendance of Incarcerated Witnesses Who

5        Refuse to Testify Voluntarily

6    If a party seeks to obtain the attendance of incarcerated witnesses who refuse to

7  testify voluntarily, the party should submit with his pretrial statement a motion for the attendance

8  of such witnesses. Such motion should be in the form described above. In addition, the party

9  must indicate in the motion that the incarcerated witnesses are not willing to testify voluntarily.

10    III.    Procedures for Obtaining Attendance of Unincarcerated Witnesses Who

11        Agree to Testify Voluntarily

12    It is the responsibility of the party who has secured an unincarcerated witness'

13  voluntary attendance to notify the witness of the time and date of trial. No action need be sought

14  or obtained from the court.

15    IV.    Procedures for Obtaining Attendance of Unincarcerated Witnesses Who

16        Refuse to Testify Voluntarily

17    If a prospective witness is not incarcerated, and he or she refuses to testify

18  voluntarily, not earlier than four weeks and not later than two weeks before trial, the party must

19  prepare and submit to the United States Marshal a subpoena for service by the Marshal upon the

20  witness. (Blank subpoena forms may be obtained from the Clerk of the Court.) Also, the party

21  seeking the witness's presence must tender an appropriate sum of money to the witness through

22  the United States Marshal. In the case of an unincarcerated witness, the appropriate sum of

23  money is the daily witness fee of $40.00 plus the witness's travel expenses.

24    A subpoena will not be served by the United States Marshal upon an unincarcerated

25  witness unless the subpoena is accompanied by a money order made payable to the witness for

26  the full amount of the witness's travel expenses plus the daily witness fee of $40.00, and a copy

1    of the court's order granting plaintiff *in forma pauperis* status.  Because no statute authorizes the

2    use of public funds for these expenses in civil cases, the tendering of witness fees and travel

3    expenses is required even if the party was granted leave to proceed *in forma pauperis*.

4        In accordance with the above, IT IS HEREBY ORDERED that:

5        1.  Plaintiff shall file and serve his pretrial statement and any motions necessary to

6    obtain the attendance of witnesses at trial no later than December 19, 2008.  Failure to file a

7    pretrial statement may result in the imposition of sanctions, including dismissal of this action.

8        2.  Defendants shall file their pretrial statement not later than January 19, 2009.

9        3.  Pretrial conference (as described in Local Rule 16-282) will be conducted on the file

10    only, without appearance by either party.

11    DATED:  November 17, 2008.

12

13        EDMUND F. BRENNAN
           UNITED STATES MAGISTRATE JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26