IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DARRYL KEITH BRYANT,

        Plaintiff,                        No. CIV S-06-0688 GEB EFB P

    vs.

SACRAMENTO COUNTY JAIL, et al.,

        Defendants.               ORDER

_____/

       Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. On July 8, 2009, plaintiff filed a motion for further discovery, which states, in total:

> Plaintiff filed many request[s] for discovery with defendants with no reply defendants only answer was I was late with my discovery request. I ask the court to please grant leave for further discovery as new evidence has became [sic] available to plaintiff on one of the defendants that could not have been gathered during such time and the defendants held all discovery please reopen all discovery as to all defendants.

Dckt. No. 53. In their opposition brief, defendants argue that plaintiff fails to show good cause for reopening discovery. Dckt. No. 55. The court agrees. Plaintiff's request seeks modification of a deadline originally established by the scheduling order. Such requests are governed by Rule 16 of the Federal Rules of Civil Procedure. A schedule may be modified upon a showing of

good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Pursuant to the April 28, 2008 scheduling order, discovery closed on August 15, 2008. Dckt. No. 43 at 4. Plaintiff fails to provide sufficient information that would allow the court to determine that good cause exists to reopen discovery. Furthermore, the court issued its final pretrial order on June 26, 2009 and this case is now scheduled for trial. The pretrial order did not contemplate further discovery. Dckt. No. 51 at 8. The court may only modify the final pretrial order "to prevent manifest injustice." Fed. R. Civ. P. 16(e). It is not apparent that reopening discovery on the eve of trial is necessary to prevent manifest injustice.

Accordingly, it is hereby ORDERED that plaintiff's July 8, 2009 motion for discovery is denied.

Dated: January 25, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE